*Court filing Record*

*Court:*        *US District Court Idaho*

*Date:*        *10/18/2021*

*Case No.:*    *New*

*Inmate Name:*      *Carr, Jody*

*Inmate No.:*        *79004*

*Document Title:*      *Plaintiff's verified class action prisoners civil rights complaint 1983 for damages, declaratory relief, and injunctive relief*

*Total Pages 24*

*Inmate Verification of page count signature:_Filed without inmate review___*

*Document _2_ of _8_*

I m s I - J-1 / 30 - B
P.O. Box 51
Boise, Id. 83707


In The United States District Court
For The District Of Idaho

| | |
|---|---|
| Jody Carr, and the Double-Celled Close Custody Inmates of IDOC, Plaintiffs vs. Josh Tewalt, Chad Page, Amanda Gentry, Jay Christensen, Timothy McKay, Tyler Nicodemus, Warden Richardson, Lt. Gibney, Mark Kubinsk, and Rachael Altig, Defendants | Case No. ___ Plaintiffs "Verified" Class Action Prisoner's Civil Rights Complaint § 1983, For Damages, Declaratory Relief, and Injunctive Relief |

- Pursuant to § 1983.
- Plaintiffs Request Jury Trial.
- Plaintiffs Request Appointment of Counsel.
- This instant case is filed under the Grounds of:
(a) Retaliation;
(b) Conspiracy; and,
(c) Deliberate Indifference ... Not Access to Courts.

1.

Facts:

- On or about May 26th, 2019, I, Jody Carr, mailed via U.S. Postal Service, One (1) Three (3) page Letter, and One (1) Four (4) page Complaint to IDOC Chief Chad Page informing him that myself and the inmates of D-1 at ISCC were going to File a Class Action Lawsuit regarding Conditions of Confinement (eg. Double-Celled Close Custody, Violence and Sexual Assaults), Retaliations and Conspiracy Cover-Ups by staff.

- At this point IDOC Administration's Officials sought to STOP the Class Action, and Silence me.

- On 6-11-19, I gathered Four (4) Affidavits/Co-Complaints from Sheltra, Ayla, Bussel, and Sanders.

- Late at night on 6-11-19, my cellmate and paid snitch James Wolfe #124568   Stole these Affidavits/Co-Complaints and some of my other Legal Property, and he took it out to IDOC/ISCC officials and showed it all to them.

- On 6-12-19, I was cuffed up and Thrown in The Hole, i.e. "Short-Term Segregation".

- On 6-15-19, I was appointed a "Single Point Of Contact" designed to STOP my Complaints from reaching IDOC "senior leadership" and/or oversight committees.

- On 7-17-19, I was Ad-Segged.

- On 7-24-19, I was Transferred to Idaho's Maximum Security Institution, despite my being only a Medium Custody Classified Inmate.

2.

- IMSI's Deputy Warden Sue Wessels caught the improper Ad-Seg., and released me from Ad-Seg and Transferred me back to ISCC on 8-27-19.
- On 8-27-19, ISCC Deputy Warden Timothy McKay, had me placed in Total Isolation on D-1 until 7-19-21.
- On 7-19-21, I was Thrown in The Hole until 9-22-21.
- On 9-22-21, I was again Transferred to IMSI, into Double-Celled Close Custody.
- At the begining of my more then (2) Two Years of Isolation on D-1 at ISCC, IDOC/ISCC officials hung a sign on my cell #5, door that Threatened D-1 inmates not to Speak to me, or Communicate with me at all. The Sign read "If caught speaking to cell 5 you will receive a DOR and celled up. No exceptions".
- The Transfer to IMSI, The Hole, The Isolation, and the Sign were all designed with the intent to STOP me from helping the Double-Celled, Close Custody, D-1 Inmates to reach the Courts with Their/my Class Action Lawsuit's claims and evidence.
- Because of these issues I Filed my personal Federal §1983, Case No. 1:20-cv-00146-DCN.
- Multiple cases were severed from Case 146-DCN, one (1) of which was/is Case No. 1:20-cv-00314-DCN.
- During case 314-DCN, Judge Nye ordered a Martinez Report, where the Defendants made defense claims, and to their suprise and despite my

3

Isolation and their attempts to hold me Incomm-
unicado... I gathered Evidence and Affidavits
tending to show the IDOC Official Defendants
committed Perjury and Fraud in the Martinez Report.
I filed my Response and the Evidence and Affidavits
on 2-24-21.

When these Defendants, IDOC officials, and
IDOC A.G. Counselor Mark Kubinski witnessed
the undisputable evidence and affidavits I'd
managed to gather despite their efforts to
keep me Incommunicado... they became enraged,
and Kubinski began Changing and Enforcing
Policies on the unit/tier D-1.... to STOP me from
gathering anything further and to STOP my Legal
Filings to the Court, and to STOP me from receiving
Legal Mail. ie Chilling Effect.

Kubinski took these actions to Protect IDOC officials,
e.g. his clients, and Page, Gentry, Nicodemus etc.

I am in possession of the statements from IDOC/
ISCC Officials stating their actions and the
changes to ISCC/D-1 Policies were Ordered
by "Mark Kubinski" and that the "IDOC Legal
Department" ordered actions, and their
statements and Kubinski's statements, that...
"Mark Kubinski" is the "IDOC Legal Department".

On or about 3-15-21, ISCC Officials put out a
Memo which said, in part, "we will start enforcing

4.

these rules immediately for the dayroom", then, farther down, #4. "No crossing the redline/visiting", #5. "No passing items under cell doors".

- Then, when I asked, "Who" ordered "these rules" to be enforced "immediately", I was told it was the "IDOC Legal Department" by officers and Paralegal Altig.

- This further shut me down from Gathering Evidence, Affidavits, and/or Co-Complaints.

- I Gathered anyways, and on or about 4-19-21 I tried to E-File, or copy and mail the Gathered Affidavits and Evidence of inmates Brandon Pierce #98241; Erik Jon Boyne #84394; Jason Sams #61674; Tyler Colgrove #117764; Derk England #96552; and Mike Wade #92914, but, on or about 4-20-21, the paralegal returned to my cell and told me I can No Longer mail, e-mail, or possess Affidavits from Inmate Witnesses and/or Co-Plaintiffs. She refused to return them to me, she instead returned them to the Witness Affiants. I asked her, Who made up this New Policy? She replied "IDOC Legal Department".

- I re-gathered these documents (Against Policy) and gave them to Jason Sams #61674. Sams mailed them out U.S. Postal Service about 4-26-21 or so.

- On 4-30-21 at between 9:15 am and 9:30 am paralegal Racheal Altig went to Sams' cell #7, two (2) cells

5

down from me, and told Sams they were confiscating all the Evidence, Affidavits, and Manilla Envelope because "it's for Carr's Lawsuit" and that even Sam's own Evidentiary Exhibits and Affidavit was NOT his. She said this was by Order of the "IDOC Legal Department", and "the Head of IDOC Legal Dept." ordered her to take 100% of it to Deputy Warden Timothy McKay.

- For the Record... this was for Case No. 1:20-cr-00314-DCN, Carr v. McKay, et al.

- The Head of IDOC Legal Dept Literally had her bring the Evidence against McKay... To McKay. (This happened again on 5-5-21 also).

- On 5-23-21, I sent a Concern Form to the "Legal Resource Center" asking, "Please forward me the Name, Rank, and/or Job Title of the Head of IDOC Legal Department".

- On 6-1-21, I received the reply to that 5-23-21 Concern Form. It read ... "Mark Kubinski"

- Just to explain ... Mark Kubinski is Deputy Warden Timothy McKay's Attorney via the IDOC A.G. Office, and was currently involved in that active case and it's Martinez Report. (314-DCN).

- On 4-30-21 and 5-5-21, I submitted Concern Forms to IDOC Legal Dept asking about these matters.

- On or about 5-11-21, I received the 4-30-21 and 5-5-21 Concern Forms back un replied to, with a

6.

MEMO from the "State Of Idaho Attorney Generals Office" From "Mark A. Kubinski", stating (inpart), "the Deputy Attorneys General for the IDOC are not part of the concern or grievance process". And, "I am returning your documentation to you and suggest that you refer to the referenced SOP for guidance in addressing your concerns".

- On or about 6-21-21, This Court, mailed me numerous Successive Review Orders and Other Legal Mail, but I only received Case No. 313-1)CN, and 146-1XN's Legal Mail, ISCC staff STOLE the others case's Orders/Legal Mail to Hinder these cases and my ability to Litigate them.

- Once IDOC/ISCC Administration's Officials relized I and the D-1 Inmates were willing to Face the Retaliatory Punishment to reach the Courts, and the Devastating effect over together evidentiary exhibits were having on cases like 314-DCN, they devised a new plan to Segerate me from D-1 Inmates or the "Double-Celled Close Custody Inmates of IDOC"...

- On 7-19-21, IDOC Officials Transferred every D-1 Inmate out of ISCC to IMSI on J-1, except for me.

- On 7-19-21, I was Thrown in The Hole or Transferred to "Short-Term Segregation" in A-Block at ISCC and left there until 9-22-21.

7.

- On or about 9-22-21, I was Transferred to IMSI, J-Block, Tier #1 or "J-1", and housed in Double-Celled Close Custody.

- On 10-6-21, I began Gathering the Signitures of Witnesses and Potential Co-Plaintiffs for this Class Action Lawsuit.

- On 10-6-21, IMSI Officers witnessed me gathering Signitures (Attached hereto).

- On 10-6-21, IMSI Admin. Officials Ordered Only my "Walk" (Cells 25 through 32) Placed in Total Lockdown until (at minimum) "10/20/21".

- Their alleged reasoning Covid-19 Lockdown.

- They even demanded Sand Bagging our cell doors so we can't pass paperwork under our cell doors, known a "Fishing".

- I have been petitioning IDOC Director Josh Tewalt for help with these matters via Three (3) seperate letters since "June 28, 2021". He's Refused to do Anything to help me/us with these matters.

- I've also petitioned Tewalt for a "Meritorious Reduction Of Sentence" Awards for the Three (3) Acts of Meritorious Conduct I've performed since 2013.

- Tewalt, despite the facts that I earned and deserve these Awards of Sentence Reduction, he has Refused to help, grant them, or ever to Respond to my requests, because I have been

8.

engaging in the protected conduct of exercising my First Amendment rights to Petition via IDOC Concern Forms, Grievances, Appeals and Civil Suits.

- Chad Page and Amanda Gentry are the IDOC Officials from Central Office Ordering most of the actions I/we are complaining of herein, and, despite their Knowledge and our pleas for help... they have Refused or i.e. Failed to Act to Resolve these issues.

- Since 1989 or before, the Ninth Circuit Court, and the U.S. Courts for Idaho, have held Double-Celling Close Custody as impermissible. e.g. Balla v. Idaho State Board of Corrections, etc. IDOC Officials have been successfully sued on numerous occasions for this. There are even Injunctive Orders against them for this.

- Every time I've tried to file a Class Action Lawsuit on Double-Celling Close Custody, IDOC Officials e.g. Mckey, Christensen, Page, Gentry, and Nicodemus Throw me in The Hole, Ad-Seg. me, Transfer me, and/or place me in Isolation ...for Years with Orders to Punish any Inmate that as much as Speaks to Me.

- Now, after more than 2 Years in Isolation on D-1 with a sign on my door not to Speak to me, then another 66 days in The Hole... I'm back at IMSI and Double-Celled Close Custody on 24 hour a day Lockdown since I got here on 9-22-21.

- We have been Raped, Sexually Assulted and Violently Attacked then Punished, Disciplined, and Tortured if we Report it.

9.

Claims (a) and (b). Retaliation and Conspiracy.

1. Defendant Josh Tewalt (IDOC Director).
   Sued in his Official and Individual Capacity.

(a) Tewalt ignored/denied my petitions for Idaho Code 20-101D Meritorious reduction of sentence awards for 3 of my 4 Acts of Merits I performed since 2013, out of Retaliation because I filed Concern Forms, Grievances, Letters and Civil Suits First Amendment activities.

Acts of Merit:

(a) In 2013, Inmate Greg Seamons approached me in the C-1 dayroom at IMSI, for help with a legal matter. I agreed to help him. He then told me how he raped and murdered a 9 year old little girl in Ogden, UT. He laughed and mocked how she screamed for her Mother as he beat her to death. I wrote the Ogden UT prosecutor and submitted testimony and an affidavit that helped force Seamons to plead guilty for Life without Parole.

(b) Before Seamons knew I turned him in, but after charges from Utah, he came up with a plan to murder an inmate in Idaho in hopes they wouldn't transfer him to Utah, out of fear of what they'd do to him. I was sitting in the C-1 dayroom and I saw Seamons crossing the dayroom floor quite rapidly...then I saw the "shank" in his hand. He was charging my cellmate Ryan Yekel. Ryan saw him coming and froze. I ran over, got between them and stopped the stabbing/murder attempt without violence.

(c) 2015/2016, I learned YFS ( Youngsters Fucking Society) gang members converted to Islam and became ISIS sympathizers and supporters. I turned to IDOC/ISCC staff members, Case Manager Jones and Clinician Nicodemus. They got the FBI and caught YFS members in possession of ISIS contraband and memorabilia, including contacts in Turkey, Iraq, Afghanistan and Syria.

(d) 2018, on G-3 at ISCC, my transgender cell mate Larry Dana 34049, was sexually assaulted by "Stomper". Inmate Robert Gieb in our cell. Dana was too afraid to file a PREA complaint, so I filed one to the Idaho Sheriff's Association, getting Dana medical care, Mental Health care and transferred to safety, got "Stomper" transferred to IMSI and I'm waiting to testify against him in Court.

Individual Capacity:
Compensatory Damages $50,000.00
Punitive Damages      $100,000.00
Official Capacity:

10.

- Injunctive Order forcing IDOC Director to Grant my Meritorious Reduction Of Sentence award of Reduction of 15 days per month for every month of the fixed or Determinant portion of my Sentence, and an Order Terminating his IDOC Employment and Pension.

- Declarations showing Tewalt willfully deprived me of rights for use under 18 USC 42; U.S. v. Walsh.

(b)    In Retaliation for First Amendment activities, Tewalt Refused or "Failed to Act" to resolve issues I petitioned him about since 6-28-21, e.g. Double-Celling Close Custody, Isolation, Conspiracy, Retaliations and Cover-Ups by his staff.

- Individual Capacity
- Compensatory Damages  $25,000.00
- Punitive Damages   $50,000.00
- Injunctive Order forfeiting Policy of Double-Celling Close Custody Inmates; and an Order Terminating his IDOC Employment and Pension.
- Declarations showing Tewalt willfully deprived me/us of rights for use under 18 USC 42; U.S. v. Walsh.

2.    Defendants Chad Page and Amanda Gentry.
        Sued in their Individual Capacity.

(a)    Housing, Transfers, The Hole, Ad-Seg., Isolation, Single Point of Contact, DOR# 201677, and Incommunicado was Ordered by them.

- Compensatory Damages  $250,000.00
- Punitive Damages   $500,000.00
- Injunctive Orders Terminating their IDOC Employment and Pensions.

11.

- Declarations showing they willfully deprived me of rights for use under 18 USC 42; U.S. v. Walsh.

3. Defendants Christensen, McKay and Nicodemus (ISCC). Sued in their Official and Individual Capacities.

(a). Sign on my cell #5 reading, "If caught speaking to cell 5 you will receive a DOR and celled up. No exceptions" for well over a year to Silence Me and STOP Class Action Lawsuit. (Chilling).
- Individual Capacity:
- Compensatory Damages $ 40,000.00
- Punitive Damages $ 70,000.00
- Official Capacity:
- Injunctive Orders Terminating their IDOC Employment, and Pensions; and an Order housing me in Minimum/Community Custody.
- Declarations showing they deprived me willfully of rights for use under 18 USC 42; US v. Walsh.

(b). 7-19-21 Transfer to The Hole for 66 days to Seperate me from D.1 Inmates, Punish me, and to STOP First Amendment activities.
- Individual Capacity:
- Compensatory Damages $159.00 per day 7-19-21 through 9-22-21.
- Punitive Damages $ 150,000.00
- Official Capacity:
- Injunctive Orders Terminating their IDOC Employment, and Pensions; and an Order housing me in Minimum/Community Custody.
- Declarations showing each of these Defendants willfully deprived me of rights for use under 18 USC 42; US v. Walsh.

(c). The Thefts of my 6-21-21 Orders and Legal Mail from this

12.

Court to Hinder my Litigation.

- Individual Capacity:
- Compensatory Damages $10,000.00
- Punitive Damages $25,000.00
- Official Capacity:
- Injunctive Orders Terminating their IDOC Employment and Pensions; and an Order to house me in Minimum/Community Custody.
- Declarations showing each of these Defendants willfully deprived me of rights for use under 18 USC 42; U.S. v. Walsh.

(d). 9-22-21 Transfer to Double-Celled Close Custody at IMSI, as Punishment for First Amendment activities.

- Individual Capacity:
- Compensatory Damages $125,000.00
- Punitive Damages $250,000.00
- Official Capacity:
- Injunctive Orders forfeiting Policy of Double-Celling Close Custody Inmates; and an Order Terminating their IDOC Employment and Pensions.

4. Defendants Mark Kubinski and Rachael Altig Sued in their Official and Individual Capacities.

(a). Changed ISCC-D-1 Policy e.g. 3-15-21 MEMO. which was Designed to STOP me from gathering Affidavits-Co-Complaints and Evidence from/for the Inmates of D-1 at ISCC, and STOP Class Action.

13.

- Individual Capacity:
- Compensatory Damages $ 10,000⁰⁰
- Punitive Damages    $ 20,000⁰⁰
- Official Capacity:
- Injunctive Orders Terminating their IDOC Employ-
  ment and Pensions; and an Order forfeiting Policy
  of Denying Inmates Access to Affidavits from Inmate
  Witnesses and Potential Co-Plaintiffs.
- Declarations showing these Defendants willfully
  deprived me/us of rights for use under
  18 USC 42; U.S. v. Walsh.

(b)  The 4-19-21, 4-20-21, and 4-30-21, Refusal to
  E-File, or Copy, or Mail, or Return Affidavits,
  Co-Complaints, and Evidence, and Theft of same
  by Altis Physically, and by Order of IDOC Legal
  Department "Mark Kubiski"...followed by giving
  these items to Timothy McKay (Lead Defendant)
  to keep it from the Courts and STOP me from
  proving issues regarding Martinez Report.
- Individual Capacity:
- Compensatory Damages $ 250,000⁰⁰
- Punitive Damages    $ 500,000⁰⁰
- Injunctive Order (Official Capacity):
- Injunction Order Terminating their IDOC Employ-
  ment and Pensions; and an Order to Return the
  Stolen Legal Property (Mail), Affidavits etc).
- Declarations showing these Defendants willfully

14.

deprived me/us of rights, for use under
18 USC 42; U.S. v. Walsh.

(C) Kubinski Only: Order to steal the 6-21-21
Review Orders mailed to me by this Court
to Hinder my Litigation.

- Individual Capacity:
- Compensatory Damages # 50,000⁰⁰
- Punitive Damages  # 100,000⁰⁰
- Official Capacity:
- Injunctive Order Terminating his Employment
  and Pension.
- Declaration showing he willfully deprived me of
  rights, for use under 18 USC 42; U.S. v. Walsh.

(d) Kubinski Only: Order to Transfer D-1 Inmates to
J-1 at ImsI ... but me to The Hole A-Block at
ISCC on 7-15-21 to Seperate us so I could
NoT gather Affidavits, Co-Complaints, and/or
Evidence to STOP Class Action Attempt, and
Hinder my Litigation (Chilling)

- Individual Capacity:
- Compensatory Damages # 250,000⁰⁰
- Punitive Damages  # 500,000⁰⁰
- Official Capacity:
- Injunctive Order Terminating his IDOC/State
  Employment and Pension; and an Order forfeiting
  Policy of Double-Celling Close Custody.
- Declarations showing he willfully deprived me/us
  of rights for use under 18 USC 42; U.S. v. Walsh

15.

Claim. (c). Deliberate Indifference.

1. Defendant Josh Tewalt

Sued in his Official Capacity, and Individual Capacity.

(a) Double-Celling Close Custody; depriving me/us of constitutional right to personal safety and Basic Human Needs e.g. Recreation, Showers, Fresh Air, Exercise, phones, Religious Services, etc.

. Injunctive Orders forfeiting Policy of Double-Celling Close Custody; Orders giving us (3) Three hours out of cell per day (Minimum) and Daily Outdoor Recreation; and an Order Terminating his IDOC Employment and Pension.

. Declarations showing he willfully deprived me/us of rights for use under 18USC42; U.S. v. Walsh.

(b). Failure to Act on the (3) Three letters I, Jody Carr sent him begining on 6-28-21 regarding e.g. Double-Celling Close Custody; My Isolation/Housing; and the Conspiracies, Retaliations, and Cover-Ups by Staff.

. Individual Capacity:

. Compensatory Damages # 25,000⁰⁰

. Punitive Damages      # 50,000⁰⁰

. Official Capacity:

. Injunctive Orders forfeiting Policy of Double-Celling Close Custody; Orders giving us (3) Three hours out of cell time per day (Minimum) and Daily Outdoor Recreation; and an Order Terminating his IDOC Employment and Pension.

16.

- Declarations showing he willfully deprived me/us of rights for us under 18USC42; U.S. v. Walsh.
(c) Transfer of D-1 ISCC Inmates to J-1 IMSI and me Jody Carr to The Hole A-Block ISCC on 7-15-21... Then Transferring me to IMSI Double-Celled Close Custody on 9-22-21 into SEVERE Double-Celled Lockdown.
- Individual Capacity:
- Compensatory Damages $121,000.00
- Punitive Damages  $250,000.00
- Official Capacity:
- Injunctive Orders forfeiting Policy of Double-Celling Close Custody; Orders giving us (3) Three hours out to Cell time per day (Minimum) and Daily Outdoor Recreation; and an Order Terminating his IDOC Employment and Pension.
- Declarations showing he willfully deprived us of rights for use under 18 USC 42; U.S. v. Walsh.

2. Defendants Christensen, McKay, and Nicodemus Sued in their Official and Individual Capacity
(a) Double-Celling Close Custody, depriving me/us of the Constitutional right to personal safety and Basic Human Needs e.g. Recreation, Showers, Fresh Air, Exercise, Phones, Religious Services, etc.
- Individual Capacity:
- Compensatory Damages $250,000.00
- Punitive Damages  $500,000.00

17.

- Official Capacity:
- Injunctive Orders forfeiting Policy of Double-Celling Close Custody; Orders giving us (3) Three hours out of cell time per day (Minimum) and Daily Outdoor Recreation; and an Order Terminating their IDOC Employment and Pensions.
- Declarations showing they willfully deprived me/us of rights for use under 18USC42; U.S. v. Walsh.

(b). The Stress, Migraines, Vomiting-Vomiting Blood, and Emotional Breakdown so severe I beat my own head and fists against the walls until Bloody and Bruised, because of 7-19-21 to 9-22-21 Transfer to The Hole.

- Individual Capacity:
- Compensatory Damages $159.00 per day 7-19-21 through 9-22-21.
- Punitive Damages    $150,000.00
- Official Capacity:
- Injunctive Order Terminating their IDOC Employment and Pensions.
- Declarations showing they willfully deprived me of rights for use under 18USC42; U.S. v. Walsh.

(c). 9-22-21 Transfer to IMSI, into Double-Celled Close Custody depriving me of my Constitutional right to personal safety.

- Individual Capacity:
- Compensatory Damages $121,000.00
- Punitive Damages    $242,000.00
- Official Capacity:

18.

- Injunctive Orders Terminating their IDOC Employment and Pensions.
- Declarations showing they will fully deprived me of rights for use under 18 USC 42; U.S. v. Walsh.

3. Defendants Warden Richardson and Housing Lieutenant Gibney are being sued only in their Official Capacities.

(a) Double-Celling Close Custody on J-1 at IMSI.
- Injunctive Order forfeiting Policy of Double-Celling Close Custody at IMSI.
- Declarations showing this will fully deprives our rights.

(b) Atypical Housing on J-1 e.g No Recreation/Dayroom; No Cleaning Supplies; No Religious Services, etc.
- Injunctive Order resolving these matters permanently.
- Declarations showing this will fully deprives us of our rights.

(c) I/we believe IDOC Central Office Defendants Forced these Conditions of Confinement on IMSI Staff. I/we seek NO Vindiction from, nor Punishment against Gibney nor Richardson. (Unless they act in Conspiracy (Cover-Ups or Retaliations).

4. All the Claims in this Complaint resulted in Chilling the First Amendment rights of Jody Carr and the Double-Celled Close Custody Inmates of IDOC, and often STOPPED the First Amendment Activities and/or we at bare minimum..... Actions Intended to Dissuade My/Our First Amendment Activities.

19.

5. Because of our Housing / Conditions of Confinement, and issues such as the attempts to keep Inmate Jody Carr # 79004 away from the other inmates involved in this Complaint e.g. the Segregation of Carr to A-Block (The Hole) at ISCC and D-1 inmates Transferred to J-1 at IMSI, the Fake Covid-19 "Quarantine" on 10-6-21 etc., we, the Double-Celled Close Custody Inmates of IDOC, hereby give full authority to Jody Carr # 79004 to speak for us, and resolve these issues with th Defendents, and/or th Courts for us as Lead Plaintiff and th only one to stick up for us and face the awful punishments / retaliations he's faced trying to help us. (See Verification Pages).

6. We desperately need Protection from IDOC Administration's Official Defendants, and we need Discovery and Disclosures to show us and possibly Amend this Complaint regarding Who made th Orders to take there Actions e.g. E-mails, Faxes, Texts, and Communications etc. We request help from this Court.

7. Because of IDOC Official's Interference there is only One Set of Signatures for Class Action Complaint, Affidavit in Support and Motion. See Verifications Pages (Attached).

20.

# Verifications Page

I/we declare under penalty of perjury, all statements herein, this Affidavit and Class Action Prisoner's Civil Rights Complaint §1983 are true to the best of my knowledge.

1. Jody Carr   #79004
   10-4-21

2. Camron Belcher   10-4-21
   #91436

3. Cunningham, Ryan   10-6-21
   #83211

4. Matthew Kitrell   10-6-21
   #127609

5. Jeremy J. Brown   10.6.21
   #65625

6. Shawn Michael, Pruett   10.6.2021
   Shawn M. Pruett   #82863

7. Mark Dixon   10-6-21
   108103

8. Nicholas Shuff   10/06/2021
   #104480

9. JOHN JONES JR.     # 47938

10. Casey Farley     #110164     10-06-21

11. David Peters #123239
    David Peters  10-6-21

12. Derek Sanders #58647     10-6-21

13. Brent Messinger     #7000J     10-6-21

14. JORDAN GORCKNER     #1086665     10-11-21

15. OMAR PADILLA     100206     10-7-21

16. Jeremy Wilkerson     47239     10-11-21.

17. Robert J. Sams     61674     10-11-2021
    Robert J Sams

18. Erik Jon Payne  Erik  84394    10-11-21

19. CHRIS Stewart ~92139~ Natalia Stewart ~10-11-21

20. Ronald Baker ~~48456~ Ronald Baker 10-11-21

21. Khaden Tulbs — 128183 —    10-11-21.

22. ANDREW PEREZ - 94581    10-11-21

23. Gunner Weir IDOC#117554    10-11-21

24. Cody Willard 113446    10-11-21

25. Ignacio Aguilar JR. #101758 10/11/21
    Ignacio Guilar JR. #101758

26. Randall Erickson    #120924    10-13-21
    Randall Erick

27. Shawn Michael, Pivett #82863
Shawn M Truett IMSI J-1-28-A 10/13/2021

28.

29.

30.

31.

32.

33.

34.

35.