UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CAMRON BELCHER, RYAN CUNNINGHAM, MATTHEW KITRELL, JEREMY BROWN, SHAWN MICHAEL PRUETT, MARK DIXON, NICHOLAS SHUFF, JOHN JONES JR., CASEY FARLEY, DAVID PETERS, DEREK SANDERS, BRENT MESSINGER, JORDAN GOECKNER, OMAR PADILLA, JEREMY WILKENSON, ROBERT J. SAMS, ERIK JON PAYNE, CHRIS "NATALIA" STEWART, RONALD BAKER, ANDREW PEREZ, GUNNER WEIR, CODY WILLARD, IGNACIO AGUILAR JR, RANDALL ERICKSON, and SHAWN MICHAEL PRUETT,<br><br>            Plaintiff,<br><br>vs.<br><br>DIRECTOR JOSH TEWALT, CHAD PAGE, AMANDA GENTRY, JAY CHRISTENSEN, TIMOTHY McKAY, TYLER NICODEMUS, WARDEN RICHARDSON, LT. GIBNEY, MARK KUNBINSKI, and RACHAEL ALTIG,<br><br>            Defendants. | Case No. 1:21-cv-00409-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Plaintiffs are prisoners in custody of the Idaho Department of Correction (IDOC). They bring various claims challenging their conditions of confinement as unconstitutional, including being double-celled in close custody units. Because the claims

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

as to each Plaintiff are unclear, and it is unclear whether the claims are sufficiently related to proceed in a single action, the Court will require each Plaintiff to file his own amended complaint in this action stating allegations specifying the "who, what, where, when, why, and how" of each of their claims, whereupon the Court will determine the best procedural vehicle for the claims to proceed. Each Plaintiff must also complete and file an in forma pauperis application and submit a prison trust account statement. The Court provides the following instructions for guidance.

1. **Standard of Law**

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, citing *Twombly*, 550 U.S. at 556. A plaintiff must provide sufficient factual allegations to show that there is "more than a sheer possibility that a defendant has acted unlawfully." *Ibid*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ibid*.

In short, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Bare allegations that amount to merely a restatement of the elements of a cause of action, without adequate factual support, are not

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

enough to withstand a Federal Rule of Civil Procedure 12(b)(6) challenge for dismissal for failure to state a claim upon which relief can be granted. *See id*.

Federal Rule of Civil Procedure 8 applies to all pleadings filed in the federal court. In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory, under the *Iqbal/Twombly* standard.

The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989). Rule 12(b)(6) authority to dismiss claims as explained in *Jackson* was expanded by the PLRA, giving courts power to dismiss deficient claims sua sponte, either before or after opportunity to amend as explained in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Under the PLRA, the Court retains screening authority to dismiss claims "at any time" during the litigation, regardless of fee payment. 28 U.S.C. § 1915(e)(2)(B).

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

Plaintiffs bring claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976). While conditions of confinement may be harsh and restrictive without being a violation of the Eighth Amendment, they cross the line of acceptability when they (1) involve "the wanton and unnecessary infliction of pain," (2) are "grossly disproportionate to the severity of the crime warranting imprisonment," (3) result "in unquestioned and serious deprivation of basic human needs, or (4) deny an inmate "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Where conditions of confinement are challenged, a plaintiff must make two showings. First, the plaintiff must make an "objective" showing that the deprivation was

"sufficiently serious" to form the basis for an Eighth Amendment violation. *Johnson v. Lewis*, 217 F.3d at 731.

Second, the plaintiff must make a "subjective" showing that the prison official acted "with a sufficiently culpable state of mind." *Id*. To establish an official's deliberate indifference, an inmate must show that (1) the officer was aware of the risk to the prisoner's health or safety, and (2) the officer deliberately disregarded that risk. *Farmer v. Brennan*, 511 U.S. at 837. To rebut the subjective inquiry, prison officials may present evidence that they reasonably responded to the risk. *Id*. at 844–45. Mere negligence is not sufficient to establish deliberate indifference; rather, the official's conduct must have been wanton. *Id*. at 835.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care and personal safety. *See Farmer v. Brennan,* 511 U.S. at 832; *Keenan v. Hall*, 83 F.3d 1083, 1098 (9th Cir. 1996); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). "The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred." *Johnson v. Lewis*, 217 F.3d at 731. For example, the "'more basic the need the shorter the time it can be withheld.'" *Id*. (quoting *Hoptowit*, 682 F.2d at 1259). Unless the need is serious, temporary unconstitutional conditions of confinement do not rise to the level of constitutional violations. *See Anderson v. County of Kern*, 45 F.3d 1310 (9th Cir. 1995.)

Prison officials who act with deliberate indifference "to the threat of serious harm or injury" by one prisoner against another are subject to liability under the Eighth

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

Amendment through § 1983. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). "Having incarcerated persons with demonstrated proclivities for antisocial criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Farmer*, 511 U.S. at 833 (internal quotation marks, citation, and alterations omitted). Although even an obvious danger does not result in liability if the official is not subjectively aware of it, a prison official cannot "escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Id.* at 843.

As to the persons named as defendants in an action, vague and conclusory allegations of official participation in civil rights violations are not sufficient. *See Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Rather, "[l]iability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (there is no respondeat superior liability under §1983).

In *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011), the United States Court of Appeals for the Ninth Circuit clarified that a supervisory defendant may be held liable under § 1983 if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." 652 F.3d at 1207. Allegations sufficient to show a causal connection include: (1) "setting in motion a series of acts by others"; (2)

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**

"knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failing to act or improperly acting in "the training, supervision, or control of his subordinates"; (4) "acquiesc[ing] in the constitutional deprivation"; or (5) engaging in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1207-08 (internal quotations and punctuation omitted).

A claim against a state actor "in his or her official capacity" is considered a claim against the state, and the Eleventh Amendment's jurisdictional bar to states and state entities applies. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Therefore, claims for money damages against state actors in their official capacity are prohibited by Eleventh Amendment immunity. *See Hafer v. Malo*, 502 U.S. 21, 2658, 362 (1991).

However, the Eleventh Amendment does not bar suits for prospective injunctive relief filed against state officials. *Ex Parte Young*, 209 U.S. 123, 157-58 (1908). A plaintiff may name as defendants state actors in their official capacities who have direct responsibility in the area in which the plaintiff seeks relief. *See Rounds v. Or. State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 (9th Cir. 1999).

The PLRA limits the type of prospective relief available in prison conditions lawsuits brought under 42 U.S.C. § 1983. Importantly here, the term "prospective relief" is defined as "all relief other than compensatory monetary damages." 18 U.S.C. § 3626(g)(7). Particularly, 18 U.S.C. § 3626(a)(1)(A) limits such relief as follows:

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

Here, Plaintiffs contend that they are personally aware of many acts of violence and sexual assault that have occurred within their double-celled close custody units. They need not have been a victim of violence and sexual assault themselves to bring a suit asserting that they are at risk of imminent harm[1], but they (1) must have knowledge that incidents have occurred in the past, (2) they must have placed prison officials on notice that the risk of harm exists (generally through the grievance system), and (3) prison officials must have either done nothing or taken inadequate steps to prevent the risk of harm.

Each Plaintiff's amended complaint must specify the facts supporting these claims, which means that each must state dates, times, places (cell number/unit/facility), and involved prisoners in each instance of violence or sexual assault that forms the basis of their claims in this lawsuit. In addition, they must state the dates, times, places, manner, and involved prison officials showing that Plaintiffs gave prison officials

---

[1] "One does not have to await the consummation of threatened injury to obtain preventive relief. If the injury is certainly impending, that is enough." *Commonwealth of Pennsylvania v. State of W. Virginia*, 262 U.S. 553, 593, *aff'd sub nom. Com. of Pennsylvania v. State of W. Virginia*, 263 U.S. 350 (1923); *Farmer v. Brennan*, 511 U.S. 825, 827 (1994).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 8**

adequate notice of the acts of violence and sexual assault occurring in the double-celled close custody units. Attaching any related concern forms and grievance forms showing that prison officials were given notice of the problems with violence and sexual assault in the double-celled close custody units is helpful, but not necessary. If a Plaintiff has been harmed or suffered damages, he must specify the nature and extent of the harm or damage.

An amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces the original pleading. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

The parties shall not include allegations regarding the former *Balla* class action suit. The United States Court of Appeals for the Ninth Circuit recently ruled that the deadline to contest celling issues arising from *Balla* had long since passed, and that was no longer possible. *See Balla v. Idaho*, 29 F.4th 1019 (9th Cir. 2022) ("Plaintiffs challenge the termination of *Balla II* Orders 1–5 (population caps and restrictions on double-celling in Units 1, 2, 3, 7, and 8), but we cannot review the termination of those orders because the orders were terminated in *Balla III* in 2005, and any appeal of that decision is untimely."). Therefore, all claims must be based on incidents that have

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 9**

occurred approximately within two years prior to the filing date of the original Complaint, October 18, 2021.

The claims of Plaintiff Jody Carr have been severed from this action due to the issue of whether he released his claims in a prior confidential settlement agreement with Defendants. Because Carr agreed that other prisoners are not permitted to know the contents of the confidential settlement agreement, his claims must be heard in an action where he is the sole plaintiff.

## ORDER

**IT IS ORDERED:**

1. Each Plaintiff must file their own amended complaint, their own in forma pauperis application, and their own prison trust account statement within **30 days** after entry of this Order to avoid dismissal of his claims under Federal Rule of Civil Procedure 41(b). After that date, claims of those inmates named in this Order who have not filed an amended complaint and accompanying documents will be dismissed.

2. The Motion for Class Action Certification (Dkt. 5) is deemed MOOT. After the Plaintiffs submit their amended complaints, the Court will reconsider the appropriate procedural vehicle for the claims.

3. The following motions are DENIED as MOOT, given that these Plaintiffs signed the original Complaint in this action, which means they are parties to the suit, and thus their subsequent request to be made parties to this suit is unnecessary: Dkts. 9, 11, 12, 13, 15, and 16.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 10**

4. The Motion to Join as Co-Plaintiff filed by Richard Roa (Dkt. 14) is GRANTED to the extent that he must follow the instructions set forth above. The Clerk of Court shall send him a copy of this Order.

5. Jody Carr is terminated as a party to this action.

6. The Clerk of Court shall send a copy of this Order to each of the following remaining Plaintiffs or Movants as follows:

Richard Roa, #132103, IMSI J-Block, PO Box 51, Boise, ID 83707.
Camron Belcher, #91436, IMSI J-Block, PO Box 51, Boise, ID 83707.
Matthew Kitrell, #127609, IMSI J-Block, PO Box 51, Boise, ID 83707.
Jeremy J. Brown, #65625, IMSI J-Block, PO Box 51, Boise, ID 83707.
Brent Messenger, #70001, IMSI J-Block, PO Box 51, Boise, ID 83707.
Jordan Goeckner, #108665, IMSI J-Block, PO Box 51, Boise, ID 83707.
Omar Padilla, #101206, IMSI J-Block, PO Box 51, Boise, ID 83707.
Jeremy Wilkinson, #47239, IMSI J-Block, PO Box 51, Boise, ID 83707.
Chris Stewart, #92139, IMSI J-Block, PO Box 51, Boise, ID 83707.
Ronald Baker, #48456, IMSI J-Block, PO Box 51, Boise, ID 83707.
Kaden Tullis, #128183, IMSI J-Block, PO Box 51, Boise, ID 83707.
Andrew Perez, #94581, IMSI J-Block, PO Box 51, Boise, ID 83707.
Randall Erickson, #120924, IMSI J-Block, PO Box 51, Boise, ID 83707.
Shawn Michael Pruett, #82863, IMSI J-Block, PO Box 51, Boise, ID 83707.

Casey Farley, #110164, IMSI B-Block, PO Box 51, Boise, ID 83707.

Ryan Cunningham, # 83211, ISCI Unit 12, PO Box 14, Boise, ID 83707.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 11**

John Jones Sr., #47938, ICIO-Unit A1, 381 W Hospital Dr., Orofino, ID 83544.

Cody Willard, #113446, ICIO-Unit A1, 381 W Hospital Dr., Orofino, ID 83544.

David Peters, #123239, ISCC D-Block, PO Box 70010, Boise, ID 83707.
Erik Jon Payne, #84394, ISCC D-Block, PO Box 70010, Boise, ID 83707.
Gunner Weir, #117554, ISCC D-Block, PO Box 70010, Boise, ID 83707.
Mark Dixon, #108103, ISCC D-Block, PO Box 70010, Boise, ID 83707.

Nicholas Shuff, #104480, ISCC E-Block, PO Box 70010, Boise, ID 83707.

DATED: May 5, 2022

B. Lynn Winmill
U.S. District Court Judge