UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CASEY FARLEY, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>DIRECTOR JOSH TEWALT, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-00409-BLW-DKG<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AFTER *SPEARS* HEARING** |

On March 4, 2024, United States Magistrate Judge Debora K. Grasham issued a Report and Recommendation in this matter following a *Spears* hearing. (Dkt. 139.) Pursuant to 28 U.S.C. § 636(b)(1), the parties had 14 days in which to file written objections to the Report and Recommendation. Defendants filed a Notice of Non-Opposition. *See* Dkt. 141. No Plaintiff has filed objections, and the time for doing so has now passed.

### STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1), this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Where, as here, no objections are filed, the Court need not conduct a de novo review. The Ninth Circuit has interpreted the requirements of 28 U.S.C. 636(b)(1) as follows:

> The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz* [*v. United States*, 501 U.S. 923, 939 (1991)]. Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See [United States v.] Ciapponi*, [77 F.3d 1247, 1251 (10th Cir. 1996)] ("Absent an objection or request for review …, the district court was not required to engage in any more formal review of the … proceeding."); *see also Peretz*, 501 U.S. at 937–39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) ….

*United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also Wang v. Masaitis,* 416 F.3d 993, 1000 & n.13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R.").

Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within 14 days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974)).

The Court has reviewed the entire Report and Recommendation, as well as the full record in this matter, for clear error on the face of the record. Other than a scriveners' error pointed out by Defendants—that Daniel Morgan is mistakenly listed as a plaintiff who has claims remaining—the Court has found no clear error.

## ORDER

**IT IS ORDERED** that the Report and Recommendation (Dkt. 139) is INCORPORATED by reference and ADOPTED IN ITS ENTIRETY as follows:

1. Plaintiffs Matthew Kittrell, Erik Jon Payne, Kylie Hodges-Foote, Berin Laymon, Joshuah Lincoln, and Johnothon L. Morrison may proceed together on Eighth Amendment failure-to-protect claims (all three varieties as discussed in the Report and Recommendation) and failure-to-provide-exercise claims. **For case management purposes, each Plaintiff who desires to proceed on one or more of these claims shall file a notice of intent to proceed, stating the claims on which he desires to proceed, within 21 days after entry of this Order.** Alternatively, within **21 days** after entry of this Order, any Plaintiff who no longer desires to proceed on one or more claims may file a notice of voluntary dismissal.

2. Defendants shall file an answer or pre-answer motion within **60 days** after the filing of any notice of intent to proceed, and Plaintiffs and

       Defendants shall make disclosures of all relevant documents and information to each other (not to be filed with the Court) within **30 days** after any answer or pre-answer motion. If a pre-answer motion is filed, disclosure shall be limited to the facts relevant to the grounds for the pre-answer motion rather than a wider scope of relevancy of the merits of the claims. If an answer is filed, the Court will issue the "Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases," providing Plaintiffs with instructions on how to conduct discovery.

3. Any Plaintiff who needs clarification to orders or procedures may file a motion for clarification, setting forth his questions in simple terms, with no legal citations needed, at any time. Plaintiffs are also encouraged to consult with the Idaho attorneys general acting as counsel for Defendants if disputes among the parties arise or extensions of time are required.

4. Failure of any Plaintiff to file a notice of intent to proceed within **21 days** after entry of this Order will result in dismissal with prejudice of the claims of that Plaintiff, meaning the claims cannot be brought again.

5. Within **21 days** after entry of this Order, any Plaintiff who desires to pursue his own medical and/or mental health claims, or harassment or equal protection claims based on sexual orientation, may file a separate amended complaint raising those claims. Complaint forms are available in the prison legal resource center. After review, any such claims that are permitted to proceed will be severed into individual cases.

6. The Eighth Amendment claims centering on showering every third day, lack of dayroom time, and specific lack of outdoor exercise beyond simply a general lack of exercise claim are DISMISSED.

7. All claims of Casey Farley and Cody Willard are DISMISSED with prejudice, as they refused to testify at the Spears hearing or to file a clarifying amended complaint.

DATED: April 10, 2024

B. Lynn Winmill
U.S. District Court Judge